IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| QUALIQODE, LLC,<br><br>             Plaintiff,<br><br>  v.<br><br>LANNER GROUP LIMITED, and,<br>LANNER, INC.<br>             Defendants. | Case No. 2:14-cv-815<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which QualiQode, LLC ("QualiQode" or "Plaintiff") makes the following allegations against Lanner Group Limited and Lanner, Inc. (collectively "Lanner" or "Defendant").

## PARTIES

1. Plaintiff QualiQode is a Texas limited liability company with its principal place of business at 207-B North Washington Ave., Marshall, TX 75670.

2. On information and belief, Lanner Group Limited is a UK corporation with its principal place of business at Forward House, 17 High Street, Henley-in-Arden, Warwickshire, B95 5AA, UK.  On information and belief, Lanner Group Limited may be served with process at its headquarters at Forward House, 17 High Street, Henley-in-Arden, Warwickshire, B95 5AA, UK.

3. On information and belief, Lanner, Inc. is a Delaware corporation and the US branch of Lanner Group Limited, with its principal place of business at 11000 Richmond Avenue, Suite 680, Houston, TX 77042.  On information and belief, Lanner, Inc. may be served with process by serving its registered agent, Philip Nathans III at 2714 Sackett St., Houston, TX 77098.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Defendant has transacted business in this district, and has committed acts of patent infringement in this district.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 5,630,069

6. Plaintiff is the owner by assignment of United States Patent No. 5,630,069 ("the '069 Patent") entitled "Method and Apparatus for Creating Workflow Maps of Business Processes" – including all rights to recover for past and future acts of infringement. The '069 Patent issued on May 13, 1993. A true and correct copy of the '069 Patent is attached hereto as Exhibit A.

7. On information and belief, Defendant has been and now is infringing the '069 Patent in this judicial district, and elsewhere in the United States through its use of at least an business process management and workflow software suite. Acts of infringement by Defendant include, without limitation, utilizing computer based systems and methods for creating a representation of a business process and its associated workflows that include every element of at least one claim of the '069 Patent within the United States. Such infringing acts include methods, for example, such as those used by Defendant in executing its L-SIM Server software ("Accused Methods"). Defendant is thus liable for infringement of the '069 Patent under 35 U.S.C. § 271.

8. Defendant infringes at least Claim 26 of the '069 Patent, by way of example only, and without limitation on QualiQode's assertion of infringement by Defendant of other claims of the '069 Patent. Claim 26 of the '069 Patent reads as follows:

> 26. A computer based method for creating a representation of a business process and its associated workflows, said method comprising the steps of:
>
> a) executing a computer program by a computer;
>
> b) said program generating when said program is executed by said computer i) a component representation of at least a predetermined subset of said business process in terms of its workflows, ii) at least a predetermined subset of links between said workflows based upon a predetermined set of workflow rules, and iii) conditional links between said workflows, each of said conditional links including a conditional junction, an origin link between a source workflow and said conditional junction and at least one target link between said conditional junction and a corresponding number of target workflows.

9. Defendant practices through its Accused Methods at least "a computer based method for creating a representation of a business process and its associated workflows." This is made clear by Defendant's compliance with the Business Process Modeling Notations (BPMN) standards practiced in its Accused Methods. Lanner states that "L-SIM Simulation Server supports BPMN Interchange format … enabling the easy creation of simulation models from BPMN diagrams and a structured return of statistical results." See Lanner's L-SIM Server page retrieved from http://www.lanner.com/en/l-sim.cfm, a true and correct copy of which is attached as Exhibit B. The BPMN standard is described by OMG as "BPMN provides multiple diagrams, which are designed for use by the people who design and manage Business Processes. BPMN also provides a mapping to an execution language of BPM systems (such as WS-BPEL). Thus, BPMN would provide a standard visualization mechanism for Business Processes defined in an execution optimized business process language. BPMN provides businesses with the capability of understanding their internal business procedures in a graphical notation and will give organizations the ability to communicate these procedures in a standard manner." See the

Business Process Model and Notation (BPMN) Specification from OMG Version 2.0 of January 2011 ("BPMN Spec.") retrieved from http://www.omg.org/spec/BPMN/2.0/PDF, a true and correct copy of which is attached as Exhibit C, at page 51.

10. Defendant practices through its Accused Methods the first step of Claim 26, "executing a computer program by a computer." Defendant must by necessity practice this step as its Accused Methods are utilized in "software." See the fact that Lanner states that "L-SIM is a new simulation product from the Lanner Group, which provides a powerful software component specifically designed for simulating business process diagrams." See page 5 of Lanner's Simulating for Success: Using Simulation to Enhance the Value of BPM white paper retrieved from http://www.lanner.com/en/files/servefile.cfm?thefilename=lsim_whitepaper_simulation_for_success.pdf, a true and correct copy of which is attached as Exhibit D. Software is, by definition, a computer program executed by a computer.

11. On information and belief, Defendant practices through its Accused Methods the next step of Claim 26, "said program generating when said program is executed by said computer i) a component representation of at least a predetermined subset of said business process in terms of its workflows." As stated, the Accused Methods utilize the BPMN standard, the specification for which discloses how to represent, in the form of component representations (e.g. symbols), at least one business process in terms of its parts, including workflows. This is evidenced by the BPMN Spec. attached as Exhibit C. "[A] process describes a sequence or flow of Activities in an organization with the objective of carrying out work. In BPMN, a Process is depicted as a graph of Flow Elements, which are a set of Activities, Events, Gateways, and Sequence Flows that define finite execution semantics (see Figure 10.1.)." BPMN Spec. at Exhibit C, p. 145. In that same specification, Sequence Flow is defined as "[a] connecting object

that shows the order in which activities are performed in a Process and is represented with a solid graphical line. Each Flow has only one source and only one target." BPMN Spec. at Exhibit C, p. 502. Activity is defined as "[w]ork that a company or organization performs using business processes … The types of activities that are part of a Process Model are: Process, Sub-Process and Task." BPMN Spec. at Exhibit C, p. 499. And a Task is defined as, "[a]n atomic activity that is included within a Process. A Task is used when the work in the Process is not broken down to a finer level of Process Model detail. Generally, an end-user, an application, or both will perform the Task." BPMN Spec. at Exhibit C, p. 502.

12.     On information and belief, Defendant practices through its Accused Methods the next step of Claim 26, "ii) at least a predetermined subset of links between said workflows based upon a predetermined set of workflow rules." Defendant practices this step using the BPMN standard, as the specification dictates that predetermined workflow rules determine the subset of links between workflows. See, for example, Figure 11.44 which illustrates an origin link from Task 1 into a decision point (conditional junction) and to two target links (condition 1 and condition 2). BPMN Spec. at Exhibit C, p. 357. The specification also states that "Choreographies MAY contain natural language descriptions of the Gateway's Conditions to document the alternative paths of the Choreography (e.g., 'large orders' will go down one path while 'small orders' will go down another path)." BPMN Spec. at Exhibit C, p. 345 (emphasis in original), see also pp. 339-362. Further, "BPMNEdge represents a depiction of a relationship between two (source and target) BPMN model elements." BPMN Spec. at Exhibit C, p. 375, see also, section 12 generally of the BPMN Spec. at Exhibit C, pp. 367-424.

13.     On information and belief, Defendant practices through its Accused Methods the last step of Claim 26, "iii) conditional links between said workflows, each of said conditional links including a conditional junction, an origin link between a source workflow and said


conditional junction and at least one target link between said conditional junction and a corresponding number of target workflows." Defendant practices this step by using the BPMN standard, as the BPMN specification provides for conditional links in the form of an origin link, a conditional junction, and a target link.  See for example Figure 11.44 which illustrates an origin link from Task 1 into a decision point (conditional junction) and to two target links (condition 1 and condition 2).  BPMN Spec. at Exhibit C, p. 357.  The specification also states that "Choreographies MAY contain natural language descriptions of the Gateway's Conditions to document the alternative paths of the Choreography (e.g., 'large orders' will go down one path while 'small orders' will go down another path)."  BPMN Spec. at Exhibit C, p. 345 (emphasis in original), see also pp. 339-362.  Further, "BPMNEdge represents a depiction of a relationship between two (source and target) BPMN model elements."  BPMN Spec. at Exhibit C, p. 375, see also, section 12 generally of the BPMN Spec. at Exhibit C, pp. 367-424.

14. As a result of Defendant's infringement of the '069 Patent, QualiQode has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made by Defendant of the invention, together with interest and costs as fixed by the court.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

1. In favor of Plaintiff that Defendant has infringed the '069 Patent;

2. Enjoining Defendant from making, importing, using, selling or offering to sell any method or system covered under one or more claims of the '069 Patent.

3. Requiring Defendant to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the '069 Patent as provided under 35 U.S.C. § 284; and

4.  Granting Plaintiff any and all other relief to which Plaintiff may show itself to be entitled.

**DEMAND FOR JURY TRIAL**

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: August 5, 2014

Respectfully submitted,

/s/ *Todd Y. Brandt*
Scott E. Stevens
TX Bar No. 00792024
Todd Y. Brandt
TX Bar No. 24027051
David P. Henry
TX Bar No. 24027015
STEVENS | HENRY
222 N. Fredonia St.
Longview, Texas 75601
Telephone: (903) 753-6760
Facsimile: (903) 757-6761
scott@stevenshenry.com
todd@stevenshenry.com
david@stevenshenry.com

Darrell G. Dotson (TX Bar No. 24002010)
THE DOTSON LAW FIRM
222 N. Fredonia St.
Longview, Texas 75601
Telephone: (903) 212-3113
Facsimile: (903) 757-2387
darrell@dotsonlawfirm.com

Attorneys for QualiQode, LLC